UNITED STATES of America,
Plaintiff—Appellee,

v.

Mark Alan CULKIN, Defendant—
Appellant.

No. 05–30228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed April 19, 2006.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff—Appellee.

Daniel Donovan, Esq., Thompson Potts & Donovan, P.C., Great Falls, MT, for Defendant—Appellant.

Before: CANBY, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Mark Alan Culkin appeals his conviction and sentence for manufacturing controlled substances, in violation of 21 U.S.C. § 841(a)(1), and maintaining a premises for the purpose of manufacturing or using controlled substances, in violation of 21 U.S.C. § 856(a)(1) & (2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Culkin claims the district court should have suppressed as "fruit of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

poisonous tree" evidence recovered during the execution of a search warrant for his house. He argues that the police never would have procured the warrant had they not (1) unconstitutionally searched teepees on his property, found no sign of any struggle there, and decided to investigate the area around his house; and (2) entered his house, without a warrant, to perform a protective sweep. We disagree.[1]

We need not decide whether the warrantless search of Culkin's teepees was unconstitutional. Culkin concedes, as he must, that it was lawful for the police to investigate the area around his teepees. Had the police officers never looked inside the teepees, they would inevitably have investigated the area around his house based on information gained during the lawful investigation of the area around his teepees. Therefore, even assuming the search of Culkin's teepees was unconstitutional, the evidence procured by virtue of the police officers' decision to investigate the area around Culkin's house was untainted. See Nix v. Williams, 467 U.S. 431, 448, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

Considering all the facts of this case—including the bloody rag, damaged door, and broken window that the police officers lawfully observed from outside Culkin's house—a reasonable person could have believed Culkin's house sheltered victims requiring aid or perpetrators threatening officer safety. Thus, exigent circumstances justified the warrantless entry and protective sweep. See United States v. Gooch, 6 F.3d 673, 679 (9th Cir.1993).

## II

■ Culkin also challenges the district court's restitution order. First, he claims that any harm to his landlords from his criminal activity was too remote to warrant restitution. Second, he claims the district court used an impermissible method of calculating damages. Again, we disagree.[2]

In manufacturing controlled substances, Culkin altered the electrical system and plumbing of his rented house, damaged its crawl space, and caused moisture damage—all of which required repair. Additionally, by Culkin's own admission, his "grow operation" led attackers to break the house's front window and door. Thus, Culkin's criminal activity "directly and proximately harmed" his landlords. 18 U.S.C. § 3663(a)(2); cf. United States v. Barany, 884 F.2d 1255, 1261 (9th Cir.1989) (holding that attorney's fees a victim "chose to expend in defending [a wholly separate] civil suit" instigated by the defendant were "too remote" to be compensable under the Victim and Witness Protection Act).

Furthermore, the district court did not err in using repair costs to calculate "the value of the property on the date of sentencing, less the value ... of any part of the property that [was] returned." 18 U.S.C. § 3663(b)(1)(B)(ii); see United

---

1. We review de novo the validity of warrantless searches. United States v. Dorsey, 418 F.3d 1038, 1042 (9th Cir.2005). Whether exigent circumstances justified a warrantless search and whether an area searched is within the protected curtilage of a home are also questions reviewed de novo. See United States v. Russell, 436 F.3d 1086, 1089 n. 2 (9th Cir.2006) (exigent circumstances); Unit-ed States v. Johnson, 256 F.3d 895, 909 n. 1, 916 (9th Cir.2001) (en banc) (curtilage).

2. The legality of a restitution order is reviewed de novo, the amount for abuse of discretion. United States v. Phillips, 367 F.3d 846, 854 (9th Cir.2004). Relevant factual findings are reviewed for clear error. United States v. Gordon, 393 F.3d 1044, 1051 (9th Cir.2004).

*States v. Sablan,* 92 F.3d 865, 869–70 (9th Cir.1996).

**AFFIRMED.**